**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.                                             Civ. No. 08-022 JP/RLP
                                              Cr.  No. 05-2602 JP

PEDRO CHAVEZ-CALDERON,
a/k/a PEDRO ACOSTA-PINELA,

    Defendant/Movant.

**MAGISTRATE JUDGE S REPORT AND RECOMMENDATION[1]**

    1.    This is a proceeding brought pursuant to 28 U.S.C. § 2255. Defendant pled guilty to one count of illegal reentry of an alien after deportation. *See* 8 U.S.C. §§ 1326(a) & (b)(2). He was sentenced to 57 months' imprisonment. He filed an unsuccessful appeal, arguing that the district court (1) failed to indicate adequately that it had considered factors in the Sentencing Guidelines, 18 U.S.C. § 3553(a) when fashioning his sentence; and (2) should not have considered various domestic crimes in his past. *United States v. Chavez-Calderon*, 494 F.3d 1266, 1268 (10th Cir. 2007).

    2.    Defendant's § 2255 Motion raises the following claims for relief: (1) whether the district court imposed a reasonable sentence after considering the § 3553(a) factors; (2) whether the district court adequately considered the § 3553(a) factors; (3) whether counsel was ineffective for failing to object to the district court's misapplication of the Sentencing Guidelines; (4) whether counsel was ineffective for failing to object to the district court's use of prior misdemeanors in calculating the sentence; and (5) whether counsel was ineffective for failing to file a petition for writ of certiorari.

    3.    Grounds one and two are the same issues raised on direct appeal and cannot

be raised on a collateral § 2255 Motion. *Withrow v. Williams*, 507 U.S. 680, 720 (1993) ("If the claim was raised and rejected on direct review, the habeas court will not readjudicate it . . ."). Grounds three and four, although styled as ineffective assistance of counsel claims are in reality an attempt to relitigate grounds one and two. There being no error in the application of the Sentencing Guidelines, as determined by the Tenth Circuit on appeal, counsel cannot be deemed ineffective for failing to raise these issues.

    4. Finally, Defendant argues that counsel should have filed a petition for writ of certiorari after the Tenth Circuit's affirmance of his sentence. Defendant does not state the grounds for appeal, but the Court assumes they were the same as raised on appeal. Again, there being no error, counsel cannot be deemed ineffective. Moreover, the Government has supplied the Court with the affidavit of Defendant's counsel who denies that he was asked to file a petition for writ of certiorari. *See* Exhibit 1 to Response [Doc. 6]. Counsel indicates he did, however, file a Petition for *En Banc* Review, which apparently was denied. *Id.*, Exhibit C thereto.

## RECOMMENDED DISPOSITION

I recommend that the Motion to Vacate, Set Aside, or Correct a Sentence be denied and this case dismissed with prejudice.

                                                            Richard L. Puglisi
                                                            United States Magistrate Judge

[1] Within ten (10) days after a party is served with a copy of the Magistrate Judge's Report and Recommendation that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections in the United States District Court to the Report and Recommendation.  A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the Report and Recommendation.  If no objections are filed, no appellate review will be allowed.